UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN WALKER,

    Plaintiff,

vs.

BADAWI ABDELLATIF, *et al.*,

    Defendants.
               /

Case No. 1:07-cv-1267

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

    Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's "motion requesting injunctive relief" (docket no. 29) and his "motion requesting stay" (docket no. 32). In the motion requesting injunctive relief, plaintiff asks this court to "issue an injunction against Marquette Branch Prison ordering them to transfer the plaintiff to a facility that will fully accommodate [him] with a thoroughly supplied law-library." In the "motion requesting stay," plaintiff asks the court to hold the present action in abeyance so that he can exhaust a claim of retaliation relating to his transfer to Marquette (presumably so that he can add this claim to the present action) and repeats his request for a transfer to another correctional facility.

    **I.**  **Preliminary Injunction**

    In support of his motion requesting injunctive relief, plaintiff contends that he is not eligible for legal assistance from a prison legal writer, has limited knowledge of the law, needs access to trained personnel to assist him the law library, has limited access to the law library (i.e., two hours per week) and has to perform legal research in the prison day room, where he is distracted by other prisoners, television and the weight room.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the movant bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional

security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

Here, plaintiff has not met his burden for an award of injunctive relief to be transferred to a different correctional facility. First, plaintiff has not demonstrated a substantial likelihood of success on the merits. Plaintiff's requested transfer is unrelated to the issues in this action, which involves alleged deliberate indifference to his serious medical needs by medical staff at a different correctional facility. None of the defendants in this action are responsible for plaintiff's placement. Even if these defendants were involved in plaintiff's placement, a prisoner such as plaintiff has no constitutional right to be confined in a particular institution or to enjoy a certain classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, plaintiff has failed to present an affidavit or other evidence to provide a factual basis for his request.

Second, plaintiff has failed to demonstrate that he would suffer irreparable injury without the injunction. Assuming that plaintiff could present a sufficient factual basis to support his claims, these conditions (i.e., limited access to the law library, no access to a prison legal writer and the necessity to perform legal research in the prison day room) do not present the type of egregious circumstances that require the extraordinary remedy of injunctive relief. The third element (i.e., whether a preliminary injunction will cause substantial harm to others) is inapplicable in this case.

Fourth, the public interest would not be served by issuance of an injunction. Plaintiff presents no compelling reason for this court to interfere with the state prison officials' decision to place him in Marquette. Accordingly, the motion seeking injunctive relief should be denied.

## II. Motion to Stay

Next, plaintiff asks this court to hold the pending action in abeyance until he exhausts additional claims of retaliation related to his transfer from the Muskegon West Shoreline Correctional Facility to Marquette. This motion is without merit. Plaintiff brought this suit pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, which requires that a prisoner properly exhaust his claims prior to filing suit. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 581 U.S. 81, 93 (2006) ("the PLRA exhaustion requirement requires proper exhaustion"). Because the plain language of 42 U.S.C. § 1997e(a) "makes exhaustion a precondition to filing an action in federal court," a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Accordingly, there is no basis for this court to stay the present civil rights action to allow plaintiff to exhaust the unrelated retaliation claim.

## III. Recommendation

For these reasons, I respectfully recommend that plaintiff's motion requesting injunctive relief (docket no. 29) and requesting a stay (docket no. 32) be **DENIED**.

Dated: September 18, 2008         /s/ Hugh W. Brenneman, Jr.
                                  HUGH W. BRENNEMAN, JR.
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).